IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAUL ECONOMOU,

    Plaintiff,

vs.                                                    Civ. No. 03-0405 MV/RLP

WELLS FARGO, OPERATING
ENGINEERS FEDERAL CREDIT UNION,
STANFORD FEDERAL CREDIT UNION,
CAL STATE 9 FEDERAL CREDIT UNION,
ANB-BP, VERISON WIRELESS and OSI
COLLECTION SERVICES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Operating Engineers Federal Credit Union's Motion to Dismiss Plaintiff's Complaint, filed August 12, 2003, **[Doc. No. 8]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED in part.**

## FACTUAL BACKGROUND

Plaintiff, who is proceeding *pro se*, filed a complaint against numerous defendants alleging fraud, breach of contract, defamation of character and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. In his complaint, Plaintiff alleges that Defendant Operating Engineers Federal Credit Union ("OEFCU") reviewed incorrect credit information reported by Wells Fargo,[1]

---

[1] Pursuant to a stipulation between Plaintiff and Wells Fargo, Wells Fargo has been dismissed from this case with prejudice. *See* September 8, 2003 Order **[Doc. No. 11]**.

and, as a result of this information, raised the interest rates on Plaintiff's existing accounts with OEFCU. Plaintiff further alleges that OEFCU refused "several requests for an adverse action notice citing that the loan was granted at a higher rate not denied" and that OEFCU continued reporting duplicate entries of loan accounts after several requests to correct entries.

OEFCU has moved to dismiss the action against OEFCU for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[2]

## LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the.... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not

---

[2] OEFCU also moved for dismissal on the grounds that Plaintiff had failed to properly serve OEFCU pursuant to Fed. R. Civ. P. 4(h). The parties agree that OEFCU has since been properly served.

only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## **DISCUSSION**

Although it is unclear from the complaint which claims are made against which parties, the paragraph in Plaintiff's complaint containing the allegations against OEFCU cites to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and will therefore be considered as alleging a claim under the FCRA. Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information ...." 15 U.S.C. § 1681(b); *see also Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1245 (10th Cir.1999). Accordingly, the FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *See Aklagi v. Nationscredit Fin.*, 196 F.Supp.2d 1186, 1192 (D. Kan. 2002).

Plaintiff's allegations against OEFCU appear to arise from OEFCU's role both as a user of consumer reports and as a furnisher of credit information. Section 1681m establishes the duties of users of consumer reports who take adverse actions against consumers based in whole, or in part, on the basis of information contained in consumer reports. 15 U.S.C. § 1681m. Such duties include providing to the consumer (i) notice of the adverse action, (ii) information about the consumer reporting company that provided the credit report on which the adverse action was

based, and (iii) notice of the consumer's right to obtain a free copy of her credit report and dispute the accuracy or completeness of any information in the report. *Id.* The statutory definition of "adverse action" includes a "a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6).[3]

Plaintiff asserts that OEFCU, upon review of an erroneous consumer report, raised the interest rates on Plaintiff's existing accounts with OEFCU. Plaintiff further alleges that OEFCU refused "several requests for an adverse action notice citing that the loan was granted at a higher rate not denied." Construing the allegations of the complaint liberally, the Court finds that Plaintiff has stated a claim against OEFCU under 15 U.S.C. § 1681m.

As a furnisher of credit information, OEFCU's obligations are set forth in Section 1681s-2.[4] Section 1681s-2 imposes two general sets of duties on furnishers of credit information. First, under Section 1681s-2(a), furnishers of credit information have a duty to provide accurate information to a credit reporting agency. Plaintiff alleges, in part, that OEFCU did not accurately report his accounts to credit reporting agencies. However, there is no private right of action for violations of this section. Section 1681s-2(d) provides that violations of Section 1681s-2(a) "shall be enforced exclusively ... by the Federal agencies and officials and State officials identified in that section." 15 U.S.C. § 1681s-2(d). Consequently, Plaintiff cannot challenge the accuracy of the information provided by OEFCU in this action.

---

[3] The definition of "adverse action" in the FCRA is drawn from the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. *See* 15 U.S.C. § 1681a(k)(1)(A).

[4]

4

Second, under Section 1681s-2(b), furnishers of credit information must: (1) conduct an investigation with respect to disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all other national consumer reporting agencies. *See* 15 U.S.C.§ 1681s-2(b).  These duties are only triggered, however, after a furnisher of information receives notice of a consumer dispute from a credit reporting agency.  *Id.; see Stafford v. Cross Country Bank*, 262 F.Supp.2d 776 (W.D. Ky. 2003) (furnisher of credit information has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency; notification from a consumer is not enough); *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F.Supp.2d 1312 (N. D. Okla. 2003) (lender violated no duties under the FCRA when, even though lender was aware of consumers' dispute, lender had not been notified of consumers' dispute by a credit reporting agency).

In order to trigger the duties under Section 1681s-2(b), OEFCU had to be notified of Plaintiff's dispute by a credit reporting agency.  Plaintiff alleges that he "requested an adjustment to his consumer report to reflect the correct status of his account and was denied a correction by Defendants" and that OEFCU "continues to report duplicate entries of loan accounts after several requests to correct entries."  Plaintiff does not, however, allege that OEFCU received notice of Plaintiff's dispute from a credit reporting agency.  Consequently, on the record before it, the Court must conclude that Plaintiff has failed to state a claim against OEFCU under Section 1681s-2(b).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Operating Engineers Federal Credit Union's Motion to Dismiss Plaintiff's Complaint, filed August 12, 2003, **[Doc. No. 8]** is hereby **GRANTED IN PART.**   Plaintiff's claims against Defendant Operating Engineers Federal Credit Union under 15 U.S.C. § 1681s-2(b) are hereby DISMISSED without prejudice.  Plaintiff has 30 days from the date of this Order to file an amended complaint.

Dated this 26th day of January, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Plaintiff *Pro Se*

Attorney for Defendant OECFU:
     Daniel C. Opperman, Esq.