IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAUL ECONOMOU,

        Plaintiff,

vs.                                                                                    Civ. No. 03-0405 MV/RLP

WELLS FARGO, OPERATING
ENGINEERS FEDERAL CREDIT UNION,
STANFORD FEDERAL CREDIT UNION,
CAL STATE 9 FEDERAL CREDIT UNION,
ANB-BP, VERISON WIRELESS and OSI
COLLECTION SERVICES,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Citibank's Motion to Strike Pleadings Filed by Plaintiff, filed April 26, 2004, **[Doc. No. 60]**. The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED in part.**

### FACTUAL BACKGROUND

On April 1, 2003, Plaintiff, who is proceeding *pro se*, filed a complaint against numerous defendants alleging fraud, breach of contract, defamation of character and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. On April 1, 2004, Plaintiff filed an Amended Filing Adding Defendants [Doc. No. 51] and an Amended Filing for Fraud, Breach of Contract, Defamation of Character, and Violations of the Fair Credit Reporting Act [Doc. No. 52]

(collectively, the "Amended Filings"). On April 1, 2004, Plaintiff also filed a motion for summary judgment against Defendant Citibank (South Dakota), N.A., erroneously identified as ANB-AB, ("Citibank"). Citibank hereby moves to strike Plaintiff's Amended Filings for failure to comply with Fed. R. Civ. P. 7, 8(a), 9(b), 10(b) and 15(a). Citibank also seeks to strike Plaintiff's motion for summary judgment against Citibank as without legal basis.

## DISCUSSION

Citibank asserts that Plaintiff's Amended Pleadings should be stricken for failure to comply with a number of Federal Rules of Civil Procedure, including Rules 7, 8(a), 9(b), 10(b), and 15(a).

> Rule 7 provides that
>
> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7.

Other than the omission of a single statutory citation,[1] Plaintiff's Amended Filing for Fraud, Breach of Contract, Defamation of Character, and Violations of the Fair Credit Reporting Act is identical to Plaintiff's original complaint. Plaintiff's Amended Filing Adding Defendants contains all the allegations in Plaintiff's Amended Filing for Fraud, Breach of Contract, Defamation of Character, and Violations of the Fair Credit Reporting Act as well as names two additional defendants, alleges additional claims and facts, and seeks additional damages. It is clear

---

[1] The citation to "§ 623 [15 U.S.C. § 1681s-2] (a)(1)(B)" on page two, line 11, was deleted.

x

that despite the titles of the pleadings, Plaintiff was attempting to amend his complaint. Consequently, Plaintiff's filings do not run afoul of Rule 7.

Rule 8(a) requires a pleading to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief;" Rule 9(b) requires averments of fraud to be stated with particularity; Rule 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances;" and Rule 15(a) provides that after a responsive pleading has been filed, a "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 8(a), 9(b), 10(b) & 15(a). While the Court interprets a *pro se* plaintiff's pleadings liberally, a *pro se* plaintiff must still make an effort to comply with the Federal Rules of Civil Procedure. In this case, Plaintiff's Amended Filings suffer from a number of defects, including failure to plead fraud claims with specificity and failure to seek leave of the Court to file the Amended Filings.[2]

Furthermore, Plaintiff failed to properly serve his original Complaint. As a result of this defective service, Plaintiff's claims against several defendants have been dismissed and two other defendants have not responded to the Complaint. In addition, it does not appear that the two new defendants named in Plaintiff's Amended Filings were properly served. As a result of this defective service, if the Court were to permit Plaintiff to file his Amended Filings, the claims

---

[2] On January 26, 2004, the Court entered a Memorandum Opinion and Order dismissing Plaintiff's claims against Operating Engineer's Federal Credit Union for failure to state a claim and granting Plaintiff 30 days to file an amended complaint. Plaintiff did not file an amended complaint within the allowed time period.

3

therein would proceed only against Citibank, the single remaining defendant in this action, and the allegations against Citibank in the Amended Filings are unchanged from the allegations in the original complaint.  As Plaintiff's Amended Filings suffer from a number of deficiencies and do not contain any additional claims or facts against the sole remaining defendant in this case, the Court will grant the motion to strike the Amended Filings.

Citibank also seeks to strike the motion for summary judgment filed by Plaintiff on April 1, 2004.  Although titled a motion for summary judgment, Plaintiff's motion seeks entry of a default judgment against Citibank and therefore will be considered a motion for default judgment pursuant to Fed. R. Civ. P. 55.  The docket sheet indicates that the complaint and summons were served on Citibank on September 12, 2003.  Citibank filed its answer on October 14, 2003.  Citibank did not fail to respond to the complaint and Plaintiff is not entitled to entry of default judgment under Fed. R. Civ. P. 55.  The Court, however, finds that the appropriate course is not to strike the motion for summary judgment but, rather, to deny the motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Citibank's Motion to Strike Pleadings Filed by Plaintiff, filed April 26, 2004, **[Doc. No. 60]** is hereby **GRANTED in part**.  Plaintiff's Amended Filing Adding Defendants [Doc. No. 51] and Amended Filing for Fraud, Breach of Contract, Defamation of Character, and Violations of the Fair Credit Reporting Act [Doc. No. 52] are hereby stricken for failure to comply with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, filed April 1, 2004, **[Doc. No. 46]** is hereby **DENIED**.

Dated this 23rd day of August, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE


Plaintiff *Pro Se*

Attorney for Defendant SFCU:

    Daniel C. Opperman, Esq.