IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAUL ECONOMOU,

       Plaintiff,

vs.                                                                                            Civ. No. 03-0405 MV/RLP

WELLS FARGO, OPERATING
ENGINEERS FEDERAL CREDIT UNION,
STANFORD FEDERAL CREDIT UNION,
CAL STATE 9 FEDERAL CREDIT UNION,
ANB-BP, VERISON WIRELESS and OSI
COLLECTION SERVICES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, filed March 15, 2004, **[Doc. No. 35]**, Plaintiff's Motion for Summary Judgment, filed April 1, 2004, **[Doc. No. 45]**, Defendant Stanford Federal Credit Union's Motion to Strike Amended Filings or, Alternatively, to Dismiss Plaintiff's Complaint and Amended Filings, filed May 12, 2004, **[Doc. No. 67]**, and Defendant Stanford Federal Credit Union's Motion to Dismiss, filed March 29, 2004, **[Doc. No. 42]**. The Court, having considered the motions, responses, relevant law, and being otherwise fully informed, finds that Defendant Stanford Federal Credit Union's Motion to Dismiss and Defendant Stanford Federal Credit Union's Motion to Strike Amended Filings or, Alternatively, to Dismiss Plaintiff's Complaint and Amended Filings are well-taken and will be **GRANTED in part.** The remaining motions are not well-taken and will be **DENIED**.

**FACTUAL BACKGROUND**

On April 1, 2003, Plaintiff, who is proceeding *pro se*, filed a complaint against numerous defendants alleging fraud, breach of contract, defamation of character and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Plaintiff apparently mailed a copy of the complaint to Defendant Stanford Federal Credit Union ("SFCU") by mail on or about June 6, 2003. *See* Notice of Filing of Proof of Service, filed June 9, 2003 [Doc. No. 4] (stating that "a copy of this filing" was mailed to defendants). When SFCU did not respond to the complaint, Plaintiff filed two motions for a default judgment.[1] SFCU moved to dismiss the claims against it for failure to properly serve pursuant to Fed. R. Civ. P. 4 and, in the alternative, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

On April 1, 2004, Plaintiff filed two "Amended Filings," which the Court interprets as a first and second amended complaint. SFCU moves to dismiss the claims against it in these filings for failure to properly serve SFCU.

**DISCUSSION**

Under the Federal Rules of Civil Procedure, when a complaint is served on a defendant, it must be accompanied by a summons or a request that the defendant waive service of a summons. *See* Fed. R. Civ. P. 4 (c) & (d). If the defendant refuses to waive service of a summons, the plaintiff must effect personal service. *See* Fed. R. Civ. P. 4(d). Failure to effectuate service of the summons and complaint within 120 days supports dismissal of the claims against the improperly served defendant unless the plaintiff shows "good cause" for the failure. *See* Fed. R. Civ. P. 4(m).

---

[1] Plaintiff's motions are titled as motions for summary judgment but actually seek a default judgment under Fed. R. Civ. P. 55.

Plaintiff's Proof of Service states that he mailed "a copy of this filing" to SFCU on or about June 6, 2003. There is no evidence that the "filing" mailed by Plaintiff to SFCU was accompanied by a summons[2] or a request that SFCU waive service of a summons. SFCU's motion asserts that the complaint was not accompanied by a summons or a request that SFCU waive service of a summons and Plaintiff provides no evidence to the contrary, merely stating in his response that "Plaintiff has properly served Stanford Federal Credit Union." Failure to serve a summons or obtain a waiver of service of a summons constitutes ineffective service of process.

Futhermore, even if Plaintiff had included a summons or waiver of service of a summons in the "filing" he mailed to SFCU, Plaintiff's service of process is still defective. Service of process upon corporations and associations is governed by Rule 4(h). Rule 4(h) provides that service against a corporation may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . .." Fed. R. Civ. P. 4(h).

In this case, Plaintiff's Proof of Service states that he mailed "a copy of this filing" to:

Stanford Federal Credit Union
1500 Page Mill Road
Palo Alto, CA  94304

Simply mailing the complaint and summons to the general address of a corporation, however, is

---

[2] The docket sheet indicates that no summons were issued prior to June 6, 2003, when Plaintiff attempted to effectuate service.

not sufficient. *See Larsen v. Mayo Medical Center*, 218 F.3d 863 (8th Cir. 2000) ("Simply addressing the mail to the corporation generally, or to its legal department, will generally not suffice."). Pursuant to Rule 4(h)(1), Plaintiff was required to effect personal service on an officer, managing agent or general agent or upon an agent appointed to receive service or authorized by law to receive service.

On November 24, 2003, Plaintiff filed a return of service with the Court indicating that the complaint and summons had been executed on SFCU on September 12, 2003. A review of the return of service reveals that the summons and complaint were mailed to the same general corporate address for SFCU and, therefore, were not properly served on an agent of SFCU. In addition, the September 12, 2003 service was outside the 120-day time period provided by Rule 4(m).

Rule 4(h)(1) also provides that service may be effected in the manner authorized in the state in which the district court is located. *See* Fed. R. Civ. P. 4(h)(1) (citing Rule 4(e)(1)). The Court must therefore determine if mailing a complaint and summons to the general address of a corporation is sufficient to effectuate service under New Mexico law.

New Mexico's procedural rules authorize a plaintiff to mail a summons and complaint by first-class mail, postage prepaid, to the person to be served, together with (2) copies of a notice and acknowledgment and a self-addressed stamped envelope. *See* Rule 1-004(E) NMRA. The acknowledgment form contains an area for the person to be served to acknowledge receipt and return the form. *Id.* If the person to be served does not acknowledge receipt and return the form within twenty days, the plaintiff must effect service of process in person. *See* Rule 1-004(E). To effectuate personal service on a corporation, a plaintiff must "deliver[] a copy of the summons and

of the complaint to an officer, a managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . .."  Rule 1-004(f)(2).

There is no evidence that Plaintiff complied with these requirements.  While Plaintiff attempted service by mail, there is no evidence that an acknowledgment was signed by SFCU in the form required by New Mexico's rules.  When no acknowledgment was received within twenty days in the appropriate form, Plaintiff was required to proceed with personal service as required by New Mexico law.  New Mexico law, like the Federal Rules of Civil Procedure, requires service on "an officer, a managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process."  Simply mailing a summons and complaint to the general address for a corporation is insufficient.

On April 1, 2004, Plaintiff filed his Amended Filing Adding Defendants [Doc. No. 51] and Amended Filing for Fraud, Breach of Contract, Defamation of Character, and Violations of the Fair Credit Reporting Act [Doc. No. 52].  The Court construes these filings as a first and second amended complaint.  For the same reasons discussed above, Plaintiff failed to properly serve either of his amended complaints on SFCU.

Based on an examination of federal and state law, as well as the contents of the Court file, the Court concludes that Plaintiff failed to effect proper service of process on SFCU within the time provided by law.  Plaintiff has shown no good cause for his failure to effect proper service and, consequently, Plaintiff's claims against SFCU will be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Stanford Federal Credit Union's Motion to Dismiss, filed March 29, 2004, **[Doc. No. 42]** is hereby **GRANTED in part**. Plaintiff's claims against Stanford Federal Credit Union in his original complaint are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Stanford Federal Credit Union's Motion to Strike Amended Filings or, Alternatively, to Dismiss Plaintiff's Complaint and Amended Filings, filed May 12, 2004, **[Doc. No. 67]** is hereby **GRANTED in part**. Plaintiff's claims against Stanford Federal Credit Union in Amended Filing Adding Defendants [Doc. No. 51] and Amended Filing for Fraud, Breach of Contract, Defamation of Character, and Violations of the Fair Credit Reporting Act [Doc. No. 52] are hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, filed April 1, 2004, **[Doc. No. 45]** and Plaintiff's Motion for Summary Judgment, filed March 15, 2004, **[Doc. No. 35]** are **DENIED**.

Dated this 23rd day of August, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Plaintiff *Pro Se*

Attorney for Defendant SFCU:
    Daniel C. Opperman, Esq.