IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


WILLIAM PAUL ECONOMOU,

        Plaintiff,

vs.                                                           Civ. No. 03-0405 MV/RLP

WELLS FARGO, OPERATING
ENGINEERS FEDERAL CREDIT UNION,
STANFORD FEDERAL CREDIT UNION,
CAL STATE 9 FEDERAL CREDIT UNION,
ANB-BP, VERISON WIRELESS and OSI
COLLECTION SERVICES,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Cal State 9 Federal Credit Union's Motion to Dismiss, filed March 5, 2004, **[Doc. No. 32]**. The Court, having considered the motion, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED in part.**

### FACTUAL BACKGROUND

On April 1, 2003, Plaintiff, who is proceeding *pro se*, filed a complaint against numerous defendants alleging fraud, breach of contract, defamation of character and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Plaintiff apparently mailed a copy of the complaint to Defendant Cal State 9 Federal Credit Union ("Cal State 9") by mail on or about June 6, 2003. *See* Notice of Filing of Proof of Service, filed June 9, 2003 [Doc. No. 4] (stating that "a copy of this filing" was mailed to defendants). Cal State 9 now moves to dismiss the

claims against it for failure to properly serve pursuant to Fed. R. Civ. P. 4 or, in the alternative, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and for failure to plead fraud with the particularity required by Fed. R. Civ. P. 9.  Plaintiff did not respond to this motion.

## DISCUSSION

Plaintiff did not file a response to Cal State 9's motion to dismiss.  Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.1(b).  The Court, in deference to Plaintiff's *pro se* status, will not summarily grant the motion to dismiss.  Plaintiff, however, should not expect such leniency in the future.

Under the Federal Rules of Civil Procedure, when a complaint is served on a defendant, it must be accompanied by a summons or a request that the defendant waive service of a summons. *See* Fed. R. Civ. P. 4 (c) & (d).   If the defendant refuses to waive service of a summons, the plaintiff must effect personal service.  *See* Fed. R. Civ. P. 4(d).  Failure to effectuate service of the summons and complaint within 120 days supports dismissal of the claims against the improperly served defendant unless the plaintiff shows "good cause" for the failure.  *See* Fed. R. Civ. P. 4(m).

Plaintiff's Proof of Service states that he mailed "a copy of this filing" to Cal State 9 on or about June 6, 2003.  There is no evidence that the "filing" mailed by Plaintiff to Cal State 9 was accompanied by a summons[1] or a request that Cal State 9 waive service of a summons as required

---

[1] The docket sheet indicates that no summons were issued prior to June 6, 2003, when Plaintiff attempted to effectuate service.

by Rule 4(d). Failure to serve a summons or obtain a waiver of service of a summons constitutes ineffective service of process.

Furthermore, even if a summons or waiver of service of a summons was included in the "filing" mailed to Cal State 9, Plaintiff did not serve the proper agent of the corporation. Service of process upon corporations and associations is governed by Rule 4(h). Rule 4(h) provides that service against a corporation may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . .."
Fed. R. Civ. P. 4(h).

In this case, Plaintiff's Proof of Service states that he mailed "a copy of this filing" to:

CAL State 9 Federal Credit Union
PO Box 271768
Concord, CA  94527

Simply mailing the complaint and summons to the general address of a corporation is not sufficient. *See Larsen v. Mayo Medical Center*, 218 F.3d 863 (8th Cir. 2000) ("Simply addressing the mail to the corporation generally, or to its legal department, will generally not suffice."). Pursuant to Rule 4(h)(1), Plaintiff was required to effect personal service on an officer, managing agent or general agent or upon an agent appointed to receive service or authorized by law to receive service.

On November 24, 2003, Plaintiff filed a return of service with the Court indicating that the complaint and summons had been executed on Cal State 9 on September 12, 2003. A review of the return of service reveals that the summons and complaint were mailed to the same general

corporate address for Cal State 9 and, therefore, were not properly served on an agent of Cal State 9.  In addition, the September 12, 2003 service was outside the 120-day time period provided by Rule 4(m).

Rule 4(h)(1) also provides that service may be effected in the manner authorized in the state in which the district court is located.  *See* Fed. R. Civ. P. 4(h)(1) (citing Rule 4(e)(1)).  The Court must therefore determine if mailing a complaint and summons to the general address of a corporation is sufficient to effectuate service under New Mexico law.

New Mexico's procedural rules authorize a plaintiff to mail a summons and complaint by first-class mail, postage prepaid, to the person to be served, together with (2) copies of a notice and acknowledgment and a self-addressed stamped envelope.  *See* Rule 1-004(E) NMRA.  The acknowledgment form contains an area for the person to be served to acknowledge receipt and return the form.  *Id.*  If the person to be served does not acknowledge receipt and return the form within twenty days, the plaintiff must effect service of process in person.  *See* Rule 1-004(E).  To effectuate personal service on a corporation, a plaintiff must "deliver[] a copy of the summons and of the complaint to an officer, a managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . .."  Rule 1-004(f)(2).

There is no evidence that Plaintiff complied with these requirements.  While Plaintiff attempted service by mail, there is no evidence that an acknowledgment was signed by Cal State 9 in the form required by New Mexico's rules.  When no acknowledgment was received within twenty days in the appropriate form, Plaintiff was required to proceed with personal service as

required by New Mexico law.  New Mexico law, like the Federal Rules of Civil Procedure, requires service on "an officer, a managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process."  Simply mailing a summons and complaint to the general address for a corporation is insufficient.

Based on an examination of federal and state law, as well as the contents of the Court file, the Court concludes that Plaintiff failed to effect proper service of process on Cal State 9 within the time provided by law.  Plaintiff has shown no good cause for his failure to effect proper service and, consequently, Plaintiff's claims against Cal State 9 will be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Cal State 9 Federal Credit Union's Motion to Dismiss, filed March 5, 2004, **[Doc. No. 32]**, is hereby **GRANTED in part**.  Plaintiff's claims against Cal State 9 Federal Credit Union are **DISMISSED** without prejudice for failure to effectuate service under Fed. R. Civ. P. 4.

Dated this 23rd day of August, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Plaintiff *Pro Se*

Attorney for Defendant Cal State 9 Federal Credit Union:

    Valerie Vigil, Esq.